UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY C. MARTIN,

    Plaintiff,

    v.

LACORISE, et al.,

    Defendants.

CAUSE NO. 3:18-CV-598-JD-MGG

OPINION AND ORDER

Anthony C. Martin, a prisoner without a lawyer, filed an objection to the Defendants' $1,204.29 bill of costs. ECF 176; ECF 178. Federal Rule of Civil Procedure 54(d) provides that, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Where a prisoner is proceeding *in forma pauperis*, "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings." 28 U.S.C. 1915(f)(1). Under Rule 54(d)(1), there is a "presumption in favor of awarding costs to the prevailing party[.]" *Baker v. Lindgren*, 856 F.3d 498, 502 (7th Cir. 2017).

Martin argues that costs should not be imposed because he is indigent and was proceeding *in forma pauperis*. ECF 179. "[T]he mere fact that Plaintiff proceeded in this lawsuit in forma pauperis … does not necessarily prove that he is indigent and unable to pay Defendant's costs." *Ramirez v. Illinois Dep't of Hum. Servs.*, No. 08 C 5272, 2015 WL 1593876, at *2 (N.D. Ill. Apr. 2, 2015). *See also McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (upholding an award of costs where the Court of Appeals for the Seventh

Circuit was "not convinced on the record that [plaintiff] will not ever be able to pay the order imposing costs."). Martin has produced his current inmate account ledger as evidence of his inability to pay costs now, but he has produced no evidence of his inability to pay costs in the future. ECF 181.

Martin also argues that costs should not be imposed because he is appealing the Court's sanctions ruling in another case, which ultimately led to the dismissal of this case. ECF 179. No appeal has been filed in this case. Furthermore, "a district court may award costs even while the substantive appeal is pending." *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994)

Martin further argues that the defendants are not a prevailing party here. ECF 179. A prevailing party is "a party that prevails on a substantial part of the litigation." *Baker*, 856 F.3d at 502. "[A] party may meet that standard even when the party does not prevail on every claim." *Id.* Under Rule 54(d), "[w]here there is a dismissal of an action, even where such dismissal is voluntary and without prejudice, the defendant is the prevailing party." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (quoting 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 54.70[4] (2d ed. 1985)). This case was dismissed in its entirety and judgment was entered in the defendants' favor. ECF 174; ECF 175. Thus, the defendants have prevailed in this action.

Finally, Martin alleges that costs should not be imposed because the defendants allegedly engaged in misconduct. ECF 181. But Martin's allegations of misconduct were

2

not substantiated and do not provided a basis for denying the defendants an award of costs.

Martin has not overcome the presumption that costs are appropriate here. For this reason, the court:

(1) OVERRULES his objection (ECF 178);

(2) DIRECTS the Clerk to tax costs in the amount of $1,204.29;

(3) ORDERS the plaintiff, **Anthony C. Martin, IDOC # 945288,** to pay (and the facility having custody to automatically remit) to the clerk 20% of the money received for each calendar month during which $10.00 or more is received, until the $1,204.29 in costs is paid in full;

(4) DIRECTS the clerk to create a ledger for receipt of these funds and disperse those funds to defendants, in accordance with the bill of costs; and

(5) DIRECTS the clerk to send a copy of this order to each facility where the plaintiff is housed until the costs have been paid in full.

SO ORDERED on July 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT